# Middleton's Appeal.

A direction in a will to pay the interest of ten thousand dollars to a legatee during her natural life and after her death "to divide the said principal sum of ten thousand dollars" equally among her then surviving children, is not a direction to invest that sum for the benefit of such children, so as to entitle them to receive the increase in value of the securities purchased by the trustees with the fund awarded them by the Orphans' Court "to secure annuities." Such increase goes to the residuary estate.

March 21st 1883. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON and CLARK, JJ., absent.

APPEAL from the Orphans' Court of *Philadelpia county:* Of January Term 1883, No. 213.

This was an appeal by Charles D. Middleton, residuary legatee of Edward Penn Middleton, deceased, from a decree of said court dismissing his exceptions to, and confirming the adjudication of the auditing judge in the matter of the account of F. Carroll Brewster and James Otterson, Esqs., trustees of the estate of Martha C. Ware, under the will of Edward Penn Middleton, deceased.

The facts of this case are fully recited in the opinion of this court, and that of the auditing judge. The latter, ASHMAN, J., filed the following opinion:

"The clause in the will of E. P. Middleton under which the fund for distribution arose reads as follows:

"'4th. I give and bequeath to my sister, Martha C. Ware,

[Middleton's Appeal.]

of Camden, N. J., the interest of $10,000 during all the term of her natural life, in semi-annual installments, her receipts or those of any other party or parties who may be properly authorized by her, or for her, to act, to be the only sufficient voucher for such payment, and the said interest not to be subject or liable in the hands of my executors, to the control, debts, contracts, or obligations of my said sister or of her present husband, or of any future husband with whom she may hereafter intermarry. The first payment of the said interest I direct to be made the at the end of six months after my decease; and after the decease of my said sister, I direct that the said principal sum of $10,000 be equally divided among such of the children of my said sister, grandchildren not included, as may survive her, share and share alike.'

"Martha C. Ware, the life-tenant, died July 20th 1882. The interest charged in the account was calculated up to that date.

"By the report of the auditor to whom the account of the executors was referred, and which was confirmed absolutely in 1877, the sum of $31,000 was awarded to these accountants as trustees, to secure the payment of the annuity to Mrs. Ware, together with the other annuities given by the will.

"This sum was invested in city loans, which it is admitted are now worth at least 33 per cent. above the price at which they were then purchased.

"Several points were raised in connection with the bequest to the cestui que trust.

"The gift, it was claimed by the children, was of the specific sum of $10,000 and two results followed—that the annuitant was entitled to interest upon the full amount, and that the testator's intention would be defeated if the collateral inheritance tax should be deducted. It was contended by the accountants that that sum in cash, and not the investments into which it had been put, was to be divided among the children. Neither position, in the opinion of the auditing judge, is tenable. In the absence of any apparent intent to cast the payment of the tax upon the general estate, the tax must be paid by the legatee. Then as to the investment. The gift of the interest upon the $10,000 implied a direction to invest, and without even an implied direction, it was the trustees' duty to invest the money, the neglect of which would entail personal liability upon them: Hill on Trustees 376.

"The securities representing the investment necessarily take the place of the original fund, and, if legal investments, must be accepted by the legatees, no matter how greatly they may have depreciated at the time of distribution.

"If the legatees must bear the loss where a fall in values

has occurred, it would be strange if they should not enjoy the benefit of a rise. See 1 Saunders on Trusts 435."

The judge therefore awarded to the children of Martha C. Ware the proceeds of the sale of the securities into which the sum of $10,000 had been originally invested.

Exceptions filed to this adjudication by Charles D. Middleton, the residuary legatee, were dismissed by the court, and the adjudication confirmed. The exceptant thereupon took this appeal, assigning for error the action of the court in dismissing his exceptions.

*A. Sydney Biddle* and *George W. Biddle*, for the appellant.—The error of the Orphan's Court in reaching a result contrary to the express words of the testator, is based upon the false assumption that a particular $10,000 to which each sister's children were entitled, was invested in 1872 in city sixes. Such is not the fact. The will did not direct them to invest the legacy in any particular securities, and from 1868 to 1872 no sum or security was set aside. The setting aside of $31,000 " to secure annuities " was a mere matter of convenience and not of payment. The court, moreover, set aside this sum for the benefit of the annuitants only, and not for that of their children. The general intent of the will makes it clear that the children of the two deceased sisters were to be treated with absolute equality, and on the death of their respective mothers should receive exactly $10,000 each. The will expressly says " the said principal sum of $10,000."

*John White* (*Herbert A. Drake* with him), for the appellee.

Chief Justice MERCUR delivered the opinion of the court, October 1st 1883.

It has been ruled, that a gift of income, during the time for which it is given, is equivalent to a gift of the principal: France's Appeal, 25 P. F. S. 220. It is, however, the intention of the testator expressed in his will, which furnishes the best guide in its construction. Regard must be had to the whole scheme of the will, and its general intent, if it be lawful, must be adopted: Middlesworth *v.* Blackmore, 24 Id. 414 ; Schott's Estate, 28 Id. 40 ; Reck's Appeal, Id. 432. Technical rules of construction must not be so applied as to defeat the plain intent of the testator: Still *v.* Spear, 9 Wright 168.

The appellant is the residuary devisee of Edward P. Middleton, under whose will this controversy arises. In addition to several specific legacies the testator bequeathed to each of his sisters, Hannah Norcross and Martha C. Ware, and to his brother, John C. Middleton, the interest of ten thousand dollars, to be paid to each during the term of their respective lives.

The will provided that on the death of either sister, the said principal sum of $10,000 be equally divided among such of the children of said sister as may survive her : and after his brother's death the said interest be paid to his said brother's wife during her life, and after the death of both, the interest to be paid to their daughter Susan during her natural life. He appointed the executors of his will trustees of the estate.

Mrs. Ware having died, the contention now is, what sum are her surviving children entitled to receive ?

They are not satisfied to accept the $10,000, but claim a larger sum. They base that claim mostly on facts which occurred after the death of the testator. It appears that when the executors filed their account, there was awarded to them as trustees the sum of $31,000 " to secure annuities." It is now claimed that this sum was designed as a fund to produce the interest to be paid to the legatees named (although technically not annuities), and an annuity of $100 per annum given to an uncle of the testator. If such was the intent, the sum in excess of $30,000 was not sufficient to produce the $100 annuity.

The whole sum thus transferred to the trustees was undoubtedly to be used by them in execution of the trust imposed by the will. It was invested by them in city sixes, which have since increased in value. The children of Mrs. Ware are the appellees here. They contend their right is not restricted to the sum of $10,000 but that they are entitled to the present value of bonds purchased with $10,000. This presents the question in the case. They claim that the gift of the interest on $10,000 implied a direction to invest that sum, and the trustees having invested in the securities named, they represented and took the place of the original fund for all purposes, and therefore the appellees are entitled to take the same or their enhanced value, although it exceeds $10,000. Conceding it became the duty of the trustees to pay the interest due to the legatees out of the interest realized on the city bonds : yet it by no means follows that the sum bequeathed to the appellees was thereby increased.

Referring to the language of the will, the intent of the testator appears very clearly. Mrs. Ware was given the interest on $10,000 only. On her death " the said principal sum of $10,000 " was to be divided among her surviving children— the mother was to receive the interest on that sum only. Her children were to receive that principal sum only. So far as she and her children were concerned, neither had any rights in any other portion of his estate. The testator distinctly marked the line beyond which they could not go. He did not earmark any certain money whereby it could be distinguished from any other like sum. He did not direct that the sum

[Taylor *v.* Commonwealth.]

should be invested separately by his trustees.    After the payment of specific legacies not postponed, the residue of his estate was to remain in their hands for the benefit of all his beneficiaries.    The specific sum thereafter to be paid to any of them was not to be enlarged to the injury of the residuary legatee.    The children of her sister and the child of her brother occupied as high ground as the children of Mrs. Ware. Whenever the grand children became entitled to the enjoyment of the bounty of the testator, the precise sum was fixed by the will.

If the trustees, in pursuance of an order of court, invested in securities which proved worthless, it may be conceded that they would not have been liable for the loss; yet, that fact does not control the present case.

Although the trustees may have been protected in such case, yet in case of either loss or gain in that investment, the appellees are not entitled to receive more than the sum named by the testator.    The investment of $10,000 in the city bonds did not make the appellees the absolute owners of those bonds. They were merely held to secure either in whole or in part, the sum which was to become due to them on the death of their mother.

We think the intention of the testator is too clearly expressed, to sustain the appellee's claim for more than the $10,000 and that the learned judge erred in decreeing otherwise. The appellees are entitled to that sum less the collateral inheritance tax, and the appellant is entitled to the residue of the fund produced by sale of the securities.

> Decree reversed at the costs of the appellees and a procedendo awarded with instructions to decree distribution in accordance with this opinion.